UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHRISTIANE DALTON, et al., Individually and on Behalf of All Others Similarly Situated, | ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Case No. 4:13CV00605 ) |
| STAPLES, INC. and STAPLES THE OFFICE SUPERSTORE EAST, INC., | ) ) ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiffs' Motion to Remand [ECF No. 13].

I.  **FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiffs Christiane Dalton and Janis Gideon Peters, individually and on behalf of all others similarly situated ("Plaintiffs"), filed a putative class action petition under Missouri Rule of Civil Procedure 52.08 against defendants, Staples, Inc., and Staples the Office Superstore East, Inc. ("Staples"), in the Circuit Court of Phelps County, Missouri on April 11, 2012 [ECF No. 1-1 at 4, 9-45]. Plaintiffs brought their proposed class action, seeking compensation for statutory violations of Computer Tampering and Missouri Merchandising Practices Act statutes, and asserting common-law claims of conversion, trespass to chattels, invasion of privacy by unreasonable intrusion, and unjust enrichment. Plaintiffs claim the matter arises from Staples' practice of coding its web pages to cause tracking code – its own and that of third parties – to be downloaded to, stored on, and activated on Plaintiffs' computers for the purpose of tracking consumers' internet history and activities, without detection. In this original filing, Plaintiffs indicated that the class consisted of persons residing in Missouri who used computers in the

state, and whose computers were affected by Staples' conduct. The petition stated that the class period concerned practices in which Staples engaged on or after August 13, 2006.

On March 29, 2013, Plaintiffs filed a First Amended Petition in the state-court action [ECF No. 1-2 at 40-67]. In their First Amended Petition, Plaintiffs seek compensation for statutory violations of Computer Tampering and Missouri Merchandising Practices Act statutes, and assert common-law claims of trespass to chattels, invasion of privacy by unreasonable intrusion, and unjust enrichment [ECF No. 1-2 at 40-67]. Plaintiffs' amended petition asserts that the action arises from Staples' practice of accessing audiovisual software on Plaintiffs' computers, to use it to plant tracking files on Plaintiffs' computers and harvest information about their web-browsing, without being detected, for the purpose of tracking consumers' internet history and activities. Plaintiffs' amended petition further differed from their original filing by limiting the identified the class members to adult residents of Phelps County, Missouri.

Following receipt of Plaintiffs' First Amended Petition, Staples filed its Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1446, asserting federal jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), and removing Plaintiffs' action to this Court that same date, March 29, 2013 [ECF No. 1]. Staples acknowledged receipt of Plaintiffs' amended petition in a footnote of its Notice, but, its Notice identified Plaintiffs' original Complaint as the operative pleading. Staples opined the amended pleading was filed in anticipation of Staples' Notice of Removal filing, and contended that the amended petition was filed in violation of a state court order staying the action until April 15, 2013, and thus should not be considered by this Court for removal purposes.

In its Notice of Removal, Staples alleged that the putative class action satisfies CAFA's minimal diversity requirement, because the named plaintiffs are citizens of Missouri, and Staples

is not. Staples further alleged that the amount in controversy between the parties satisfies CAFA's jurisdictional minimum, because the value to Plaintiffs exceeds the sum of $5 million, exclusive of interest and costs. According to Staples' Notice: "Looking only at damages claims in paragraph 45(a)-(b) coupled with written discovery responses served by separate plaintiff Christiane Dalton in a companion case on February 28, 2013, however, demonstrates conclusively that the aggregate value of $5 million or more is at issue here" [ECF No. 1 at 7-8]. The written discovery responses to which Staples refers were served in another case filed in state court, and subsequently removed to this Court, *Christiane Dalton, Individually and on behalf of all others similarly situated v. Target Corp.* ("*Dalton v. Target*"), Circuit Court of Phelps County, Missouri, Case No. 12PH-CV00559.

Staples filed its Answer to Plaintiffs' amended petition, generally denying Plaintiffs' allegations and asserting various defenses, with this Court on April 5, 2013 [ECF No. 9]. On April 25, 2013, Plaintiffs filed their Motion to Remand, contending that Staples' Notice of Removal is improper [ECF No. 13].

## II. LEGAL STANDARD

Federal courts must "resolve all doubts about federal jurisdiction in favor of remand" and are to construe legislation permitting removal strictly. *Dahl v. R.J. Reynolds Tobacco Co.*, 478 F.3d 965, 968 (8th Cir. 2007). Jurisdiction under CAFA must be supported by three requirements: 1) minimal diversity among the parties; 2) a class of 100 or more members; and 3) amount in controversy exceeds $5 million-dollar jurisdictional threshold. 28 U.S.C. § 1332(d)(2); *Bell v. Hershey Co.*, 557 F.3d 953, 955 (8th Cir. 2009). "[A] party seeking to remove under CAFA must establish the amount in controversy by a preponderance of the evidence regardless of whether the complaint alleges an amount below the jurisdictional

3

minimum." *Bell*, 557 F.3d at 958. "Under the preponderance standard, '[t]he jurisdictional fact . . . is not whether the damages *are* greater than the requisite amount, but whether a fact finder *might* legally conclude that they are . . ..'" *Id.* at 959 (emphasis in original; quoting *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002)).

The federal removal statute, 28 U.S.C. § 1446, requires civil defendants to file a notice of removal within thirty days after receipt of a copy of the initial state court pleading. 28 U.S.C. § 1446(b); *Dahl*, 478 F.3d at 968. However, if the case is not removable as originally filed, but the defendant later receives a copy of an amended pleading, motion, or other paper from which it may first be ascertained that the matter is one that is or has become removable, the thirty-day time period restarts upon receipt of that document. *Id.*

## II.  DISCUSSION

In their "Memorandum in Support of Motion to Remand," Plaintiffs cite to a Memorandum and Order of Remand issued in this District by the Honorable Rodney W. Sippel in *Crystal Watson, individually and on behalf of all others similarly situated, vs. Kohl's Dep't Stores, Inc.*, Case No. 4:13CV600 RWS (E.D. Mo. April 16, 2013), a case involving nearly identical allegations and the same counsel as representing plaintiffs in the present action, and they argue that the same result should follow in this matter [ECF Nos. 14, 14-1]. Plaintiffs contend Staples' removal is improper because: 1) Staples' removal is based on discovery answers from a different lawsuit against a different defendant; 2) Staples' attempt to establish the amount in controversy ultimately depends entirely on a conclusory, unsubstantiated "estimate" as to the size of the class by an affidavit from a third party; and 3) the removal is untimely, because Staples had actual notice of the facts they claim support removal when the case was filed in April 2012.

4

In *Watson*, Plaintiffs filed their putative class action in state court on June 25, 2012 [ECF No. 14-1 at 2]. The defendant, Kohl's Department Stores, Inc. ("Kohl"), removed the case to this Court on April 1, 2013, asserting federal jurisdiction under CAFA. Kohl further asserted that the action was not initially removable, "but became so based solely upon discovery responses filed in a different case, by a different plaintiff, against a different defendant" [ECF No. 14-1 at 2].

During his review of the petition, Judge Sippel found that the sole "evidence" offered by Kohl in support of its assertion that the amount in controversy requirement for federal jurisdiction under CAFA had been satisfied were the discovery responses, and he opined: "Yet this 'evidence' is not really evidence of anything, as the discovery responses were not propounded by this plaintiff in this case" [ECF No. 14-1 at 4]. Judge Sippel found Kohl's amount-in-controversy evidence to be speculative and determined it was insufficient to satisfy Kohl's jurisdictional burden. [ECF No. 14-1 at 6]. In a footnote, Judge Sippel indicated that he had ignored the plaintiff's purported stipulation of damages in the state-court petition in reaching his determination. [ECF No. 14-1 at 5]. He concluded that he lacked subject matter jurisdiction over the *Watson* action and remanded it to state court[1] [ECF No. 14-1 at 6].

In its "Memorandum in Opposition to Plaintiffs' Motion to Remand," Staples claims that Plaintiffs' Motion ignores three key aspects of its Notice of Removal [ECF No. 19]. Staples contends that the Motion: 1) makes no mention that one of the plaintiffs here was the individual who served the discovery response triggering removal; 2) sidesteps entirely Plaintiffs' stipulation on behalf of the putative class that they seek an amount less than that required for federal

---

[1]On May 20, 2013, the Eighth Circuit denied a Notice for Petition for Permission to Appeal Pursuant to the Class Action Fairness Act, 28 U.S.C. § 1453, filed by Kohl's; Kohl's Petition for Rehearing was denied on June 26, 2013 [Case No. 413CV600 RWS; ECF Nos. 18-21].

jurisdiction and a recent Supreme Court holding that such stipulations do not defeat federal jurisdiction[2]; and 3) fails to address an Eighth Circuit decision that rejected the subjective-knowledge standard upon which Plaintiffs' Motion improperly relies.[3] Staples argues that the Court should deny Plaintiffs' Motion to Remand, asserting that it properly removed Plaintiffs' case within thirty days of its receipt of Plaintiffs' discovery responses in a companion case that demonstrated for the first time that more than $5 million was at issue in this matter.

In their Reply, Plaintiffs contend that Staples fails to establish the key requirements for removal because the discovery responses, from a separate lawsuit against a separate defendant, do not constitute the type of document necessary to restart the running of the thirty-day removal period within the meaning of 28 U.S.C. § 1446(b)(3) [ECF No. 22]. They further argue that Staples has not provided competent proof regarding the number of class members, claiming that two declarations submitted by Staples exaggerate the class size, are based on undisclosed third-party hearsay data, and rely on speculation. Plaintiffs again contend that, at the time when the case was filed, Staples had actual knowledge of the facts on which they based removal, and Plaintiffs assert that the stipulations they filed with the state court did not prevent Staples from removing in a timely fashion.

On July 12, 2013, Plaintiff filed Notice of Supplemental and Binding Eighth Circuit Authority, notifying the Court of an opinion in which the Eighth Circuit affirmed Judge Sippel's Order remanding to state court another case involving Plaintiff Dalton, *Christiane Dalton, et al., v. Walgreen Co.* ("*Dalton v. Walgreen*"), No. 13-2047, 2013 WL 3480930 (8th Cir. July 12, 2013) [ECF No. 23]. In *Dalton v. Walgreen*, the Eighth Circuit held that discovery responses,

---

[2]*Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345 (2013).

[3]*In re Willis*, 228 F.3d 896, 897 (8th Cir. 2000).

received by defense counsel in a separate case against a different defendant and involving only one of two named plaintiffs, "were not 'other paper' under section 1446(b)(3) as a matter of law." *Id*. at *2. The Eighth Circuit concluded that Walgreen Company had no statutory basis to remove the case at that time, and it affirmed Judge Sipple's Order remanding the case to state court. *Id*.

Factually and procedurally, the case before the Court is almost identical to *Dalton v. Walgreen*. Dalton is a named plaintiff in both cases; however, in the case presently before the Court, Janis Gideon Peters is the second named plaintiff in this proceeding against Staples, while William Aaron, Jr. is the second named plaintiff in the action brought against defendant Walgreen Company. In both cases, the named defendant bases its contention that its counsels' receipt, on February 28, 2013, of written discovery responses from Dalton in the related case, *Dalton v. Target*, constituted receipt of "other papers" and consequently began a new thirty-day period in which the defendant could file a notice of removal.

This Court rejects Staples' argument, and finds that the responses were not "other paper" under section 1446(b)(3) as a matter of law, and that Staples had no statutory basis to remove the case to this Court. The Court lacks subject matter jurisdiction over the action and must remand it to state court.[4]

## III. CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand [ECF No. 13] is **GRANTED.** The Clerk of Court shall remand this action to the Circuit Court of Phelps County,

---

[4]The Court notes that Plaintiffs filed a "Notice that Defendant Does Not Oppose Remand" on August 1, 2013 [ECF No. 24].

7

Missouri, from which it was removed.

Dated this   2nd   day of August, 2013.

*E. Richard Webber*
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE